

**ORDERED in the Southern District of Florida on April 6, 2022.**

Erik P. Kimball, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**In re:**

**Plato Chris Foufas,**

    Debtor.
_____/

**Plato Chris Foufas,**

    Plaintiff,

v.

**Theodora Foufas,**
**Carlton R. Marcyan, and**
**Schiller, Ducanto & Fleck, LLP,**

    Defendants.
_____/

**Case No. 20-22967-EPK**
**Chapter 7**

**Adv. Proc. No. 22-01013-EPK**

## ORDER GRANTING MOTION TO DISMISS

The defendants, Theodora Foufas, Carlton R. Marcyan, and Schiller, Ducanto & Fleck, LLP, seek dismissal of the complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and (6), made applicable here by Fed. R. Bankr. P. 7012. ECF No. 8 (the "Motion"). The Court also reviewed the related response and reply. ECF Nos. 24 and 29. The Court

considered the Motion in light of the applicable standards for motions under Rules 12(b)(1) and (6).

In the complaint [ECF No. 1], the debtor in this chapter 7 case, Plato Chris Foufas, seeks relief in a single count. Alleging that the defendants willfully violated the automatic stay by attempting to collect a pre-bankruptcy debt through, among other things, causing the State of Illinois to incarcerate him, Mr. Foufas seeks damages and punitive damages under 11 U.S.C. § 362(k).

In the complaint, Mr. Foufas presents the relevant history.

Mr. Foufas was previously married to Theodora Foufas. For clarity, the Court refers to Theodora Foufas as "Teddy", which is how she refers to herself in the Motion. Mr. Foufas and Teddy were divorced in Colorado in 1995. However, proceedings for equitable distribution of marital assets and related matters took place in the Circuit Court of Cook County, Illinois.

The Illinois court entered its initial judgment dividing marital assets and addressing support obligations in 1996. Mr. Foufas retained all of his then existing business assets. He soon thereafter transferred those assets to an offshore trust known as the KM Trust. The defendants dispute when the business assets were transferred to the KM Trust, alleging that an Illinois appeals court found that the transfer occurred prior to the entry of judgment.

In 1999, the Illinois court entered a supplemental judgment increasing monthly maintenance payable to Teddy to $22,000 and ordering a lump sum payment of $252,086.50. In that supplemental judgment, the Illinois court found that Mr. Foufas's transfer of assets into the KM Trust was fraudulent and was done to avoid paying sums due to Teddy.

For about 5 years, Mr. Foufas paid the $22,000 monthly maintenance to Teddy. Beginning with the payment due on January 1, 2006, Mr. Foufas stopped making monthly maintenance payments to Teddy. Between 2006 and 2009, Teddy filed several motions with

the Illinois court seeking to hold Mr. Foufas in contempt of court for failing to make monthly maintenance payments. Apparently, settlement negotiations resulted in none of those motions being heard by the Illinois court.

In 2016 Teddy filed another motion seeking entry of an order to show cause why Mr. Foufas should not be held in contempt of court for failing to pay the monthly maintenance of $22,000. In June 2018, the Illinois court entered an order directing Mr. Foufas to show cause why he should not be held in contempt. The Illinois court held an evidentiary hearing in July 2019. On August 1, 2019, the Illinois court entered an order finding Mr. Foufas in contempt for failure to pay the monthly maintenance to Teddy. The Illinois court directed that Mr. Foufas be committed to the Cook County Jail until he purged himself of the contempt by paying to Teddy the sum of $5,183,621.78. The Illinois court initially stayed the order of incarceration until November 1, 2019 to permit Mr. Foufas to post a bond.

Mr. Foufas sought rehearing of the Illinois court's contempt order, which was denied. He then appealed the contempt order, which was affirmed by the Appellate Court of Illinois. Eventually, in September 2020, the Illinois court issued a Body Attachment Order directing that Mr. Foufas be incarcerated until he posted a bond. A copy of the Body Attachment Order is attached to Mr. Foufas's complaint.

On November 27, 2020, Mr. Foufas filed a chapter 7 petition with this Court. ECF No. 1, Case No. 20-22967-EPK. As of that date, Mr. Foufas had not been arrested as a result of the Body Attachment Order.

On August 2, 2021, during this bankruptcy case, Mr. Foufas was arrested in Illinois pursuant to the Body Attachment Order and taken to the Cook County Jail. In the complaint, Mr. Foufas alleges that the defendants facilitated his arrest at that time.

Mr. Foufas immediately sought relief from the Illinois court, arguing among other things that the automatic stay that arose as a result of this bankruptcy case prohibited the

enforcement of the Body Attachment Order. In response, the defendants made it clear that they were seeking to recover from the KM Trust and argued that the automatic stay did not apply because such assets are not property of the bankruptcy estate and the debt they sought to collect is a domestic support obligation. 11 U.S.C. § 362(b)(2)(B). A copy of the defendants' response filed in the Illinois court is attached to the complaint.

In the complaint, Mr. Foufas makes much of the fact that the defendants had previously taken the position, including before this Court, that the assets of the KM Trust are property of the bankruptcy estate, and that the chapter 7 trustee has also taken that position. In the end, what the defendants and chapter 7 trustee have argued is not material to the Court's ruling here.

The Illinois court denied Mr. Foufas's motion for release from incarceration in a brief order. While that order does not explicitly address the application of the automatic stay, the issue was at the core of Mr. Foufas's request for relief, was fully briefed by the parties, and was obviously implicit in the Illinois court's ruling. The Illinois court could not have denied Mr. Foufas's motion unless it had determined that enforcement of the Body Attachment Order did not violate the automatic stay.

Mr. Foufas appealed the decision of the Illinois court and the decision was affirmed. Eventually, Mr. Foufas's current spouse posted bond and he was released from Cook County Jail.

In Mr. Foufas's initial schedules of assets and liabilities in this bankruptcy case, filed under oath, he listed Teddy's claim of $5,183,681.98 as a domestic support obligation. He listed his interest as beneficiary in the KM Trust as being subject to the "full discretion" of the trustee of the KM Trust and having a value of "$0.00." ECF No. 8, Case No. 20-22967-EPK. In other words, Mr. Foufas claimed only a value-less beneficial interest in an offshore

trust from which he has no right to distributions. Mr. Foufas did not claim any ownership interest in the assets held by the KM Trust.

The defendants state that Mr. Foufas and his current spouse transferred all of their personal property to the KM Trust in 2009. Although not addressed in the complaint, this is consistent with Mr. Foufas's schedules filed in this case.

In Mr. Foufas's initial schedules, he stated under oath that he owns only his home in Wellington, Florida as tenants by the entirety with his current spouse, a pistol, his personal clothing, a watch, hearing aids, cash on hand of $100, two empty checking accounts, and the right to receive monthly social security benefits. ECF No. 8, Case No. 20-22967-EPK. Mr. Foufas claims all of this property as exempt. Mr. Foufas states that all other property in his possession is owned by the KM Trust. That would include, for example, the furniture and household goods in his homes.

Mr. Foufas has thrice amended his schedules. ECF Nos. 13, 67, and 74, Case No. 20-22967-EPK. None of the amendments changed Mr. Foufas's statements under oath about his assets or his debt to Teddy.

Early in the bankruptcy case, the chapter 7 trustee filed a motion asking the Court to order Mr. Foufas and his business entities to turn over to the chapter 7 trustee all assets of the KM Trust, among other relief. ECF No. 37, Case No. 20-22967-EPK. In a memorandum in response to that motion, Mr. Foufas stated: "Neither KM nor its assets are property of the Bankruptcy Estate." ECF No. 62 (at 7), Case No. 20-22967-EPK. This statement is consistent with Mr. Foufas's schedules filed under oath.

In the complaint, Mr. Foufas alleges: "None of the exceptions found in 11 U.S.C. § 362(b) apply to the Defendants (sic) actions." This allegation is directly at odds with Mr. Foufas's statements under oath in his own schedules filed in this chapter 7 case, and his consistent and firm position here, that he holds only a value-less beneficial interest in the

KM Trust and has no property interest in the assets held by the KM Trust. Section 362(b)(2)(B) provides an exception to the automatic stay for "collection of a domestic support obligation from property that is not property of the estate." Mr. Foufas confirmed under oath that his debt to Teddy is a domestic support obligation. This is unsurprising as the Illinois court ordered Mr. Foufas to pay monthly maintenance specifically for the support of Teddy, and not as a property settlement. Mr. Foufas also stated under oath, and has consistently taken the position in his chapter 7 case, that the assets in the KM Trust are not his assets and thus are not property of the estate. When they moved to enforce the Body Attachment Order, Teddy and the other defendants sought payment of the domestic support obligation from assets of the KM Trust. Teddy did not seek to collect from any asset Mr. Foufas claimed to own in his schedules filed in this case.

In the Motion now before the Court, the defendants argue that the complaint should be dismissed under Fed. R. Civ. P. 12(b)(1), applicable here under Fed. R. Bankr. P. 7012, because this Court lacks jurisdiction to review the orders of the Illinois courts under the so-called *Rooker-Feldman* doctrine. The defendants argue in the alternative that the complaint should be dismissed under Fed. R. Civ. P. 12(b)(6), applicable here under Fed. R. Bankr. P. 7012, because either the Illinois courts were entitled to enforce their own contempt order in spite of Mr. Foufas's bankruptcy filing or this Court is bound by the Illinois courts' rulings under the doctrine of collateral estoppel.

In his response, Mr. Foufas addresses the defendants' legal arguments in detail. He argues that this Court has the power to consider anew the question whether the automatic stay prohibited the defendants' actions to enforce the Body Attachment Order, citing case law countering the defendants' positions.

For purposes of ruling on the present Motion, it does not matter whether this Court is or is not bound by the Illinois courts' prior rulings that the automatic stay did not apply.

For Mr. Foufas to have any claim under the present complaint, his statements under oath in his schedules that he holds only a value-less beneficial interest in the KM Trust, and no interest in the assets held by the KM Trust, must be false. In other words, Mr. Foufas cannot both take the position under oath that the assets of the KM Trust are not property of the bankruptcy estate subject to administration in his chapter 7 case, and also sue the defendants arguing that their attempt to obtain those assets to pay a domestic support obligation is a violation of the automatic stay. He cannot have it both ways.

Because Mr. Foufas's present complaint is inconsistent with his own statements under oath in his bankruptcy case, he cannot obtain the requested relief. The Court will afford Mr. Foufas an opportunity to amend his schedules to reflect that the assets of the KM Trust, from which the defendants sought to collect, are his property and thus property of the bankruptcy estate, and file an amended complaint consistent with those changes. If Mr. Foufas fails to take such actions within 14 days after entry of this order, the complaint will be deemed dismissed with prejudice.

For the foregoing reasons, it is ORDERED and ADJUDGED:

1. The Motion is GRANTED to the extent provided herein.

2. The complaint is dismissed with leave to amend within 14 days after entry of this order. If Mr. Foufas elects to file an amended complaint, it must be accompanied or preceded by amendments to his schedules consistent with the Court's ruling in this order. If Mr. Foufas fails to file amendments to his schedules and an amended complaint within 14 days after entry of this order, the complaint is deemed dismissed with prejudice.

3. Nothing in this order constitutes a ruling by this Court (a) that any assets allegedly held by the KM Trust are property of Mr. Foufas, property of the bankruptcy estate, and/or otherwise subject to administration in this case, or (b) that the rulings of the Illinois

state court, discussed in this order, are or are not binding on Mr. Foufas, parties in interest, and/or this Court.

###

Copy to:
Mark A. Levy, Esq.

*Mark A. Levy, Esq. is directed to serve a conformed copy of this Order on all appropriate parties and file a certificate of service.*